IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LANDMARK AMERICAN INSURANCE
COMPANY,

    Plaintiff,

v.                                                                 Case No. 3:05cv401/LAC

MOULTON PROPERTIES, INC.,
MOULTON BROTHERS, INC., and
THE MOULTON TRUST,,

    Defendant/Third Party Plaintiff,

v.

FISHER-BROWN, INC.

    Third Party Defendant.
_____/

**<u>ORDER</u>**

THIS CAUSE comes before the Court on a motion to dismiss (doc. 18) the third party complaint by Third Party Defendant Fisher-Brown, Inc. ("Fisher-Brown"). Third Party Plaintiff Moulton Properties, Inc., ("Moulton") has responded to the motion (doc. 28), and Fisher has filed a reply (doc. 42).

This action commenced with Plaintiff Landmark American Insurance Company ("Landmark"), an insurance provider for ten properties owned by Moulton, seeking a declaratory judgment action to have the insurance contract rescinded. In June of 2005, Moulton had allegedly misrepresented at the time of contracting that all damage to its properties that was caused by Hurricane Ivan in 2004 had been repaired. In July of 2005, Moulton's properties were again damaged, this time by Hurricane Dennis, but Landmark denied coverage based upon the alleged misrepresentations.

Moulton subsequently filed a counter-claim against Landmark for breach of the insurance contract based upon Landmark's denial of coverage. Moulton also filed a third party complaint against Fisher-Brown, claiming that Landmark's denial of coverage was based upon alleged negligence and misrepresentations on the part of Fisher-Brown related to the procurement of the insurance policy in question. As a result of Fisher-Brown's alleged actions, Moulton claims it was damaged not only by its inability to collect from Landmark on the policy, but also consequential damages including legal expenses it incurred attempting to enforce the contract and additional damages incurred because of Moulton's inability to repair the property damage caused by Hurricane Dennis.

Fisher-Brown now moves for dismissal or abatement of the third party complaint on grounds that the claims are not ripe for consideration, having not yet accrued as a matter of law. In the alternative, Fisher-Brown moves to dismiss the claims for attorneys fees as without statutory or contractual basis.

A motion to dismiss under Rule 12(b)(6) is designed to eliminate counts or complaints that fail to state a claim upon which relief may be granted. As such, this Court must accept all allegations in the complaint as true and construe those allegations in the light most favorable to Plaintiffs. *See Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir. 1997). A complaint may not be dismissed with prejudice for failure to state a claim unless it appears beyond doubt that Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *See id.*

Fisher-Brown contends that, under Florida law, an insured's cause of action against an agent for failing to procure proper insurance coverage for the insured does not accrue unless and until the insured fails or is unable to collect from the insurer. This failure occurs only after the insured is unsuccessful in recovering damages at the conclusion of legal proceedings against the insurer or, if no such proceedings are pursued, when the insured's right to sue in these proceedings expires. *See Blumberg v. USAA Cas. Ins. Co.*, 790 So.2d 1061, 1065 (Fla. 2001). The rationale beneath this decision is that it avoids the inconsistency wherein the insured must claim against the insured that coverage exists while claiming against the agent that coverage does not. *See id.*; *Brocato v. Health Options, Inc.*, 811 So.2d 827, 829 (Fla. 2d DCA 2002). Accordingly, Fisher-Brown argues that Moulton does not yet have a legally cognizable claim for damages because the Court has not yet resolved the merits of Landmark's application for declaratory judgment or Moulton's counterclaim for breach of the insurance contract.

In response, Moulton states that the fact that it seeks consequential damages from Fisher-Brown – damages above and beyond the insurance proceeds that it seeks from Landmark – excepts it from the holding in *Blumberg*. However, as its very name suggests, consequential damages are simply alleged to have occurred as an added cause-and-effect consequence of Moulton's inability to collect on its policy. Without a valid claim to compensatory damages under the policy, Moulton will be unable to collect on its claim for consequential damages. Hence, Moulton cannot properly claim consequential damages such as legal fees from Fisher-Brown unless it can first demonstrate that Fisher-Brown is liable for negligently procuring a policy which did not provide them the coverage in question. This argument is at odds with the argument Moulton must advance against Landmark, namely, that it was entitled to coverage under the policy. As such, the case at bar creates no exception to *Blumberg* but rather exemplifies its rationale.

Moulton also asserts that the proper relief to be granted is abatement, not dismissal. *Shuck v. Bank of America, N.A.*, 862 So. 2d 20, 24-25 (Fla. 2d DCA 2003), provides a definitive discussion on this issue:

> The appropriate disposition of prematurely filed actions varies depending upon the circumstances that give rise to the premature element of the claim. For example, an action filed before the expiration of a statutory waiting period is deemed premature. The premature element of an action filed before the expiration of an applicable statutory waiting period is cured once the waiting period has expired. In cases where the premature element of an action is curable simply by the passage of time, Florida courts have generally disapproved dismissal of the action. Instead, the favored disposition is abatement of the

action until the cause matures. *See Thomas v. Suwannee County*, 734 So.2d 492, 497 (Fla. 1st DCA 1999) (holding that an action challenging a zoning special exception filed prior to the required expiration of thirty days from filing a complaint with the county should have been abated instead of dismissed with prejudice); *Interlatin Supply, Inc. v. S & M Farm Supply, Inc.*, 654 So.2d 254, 255 (Fla. 3d DCA 1995) (finding that an action for defective seed filed prior to filing the required complaint with the Florida Department of Agriculture should have been abated instead of dismissed without prejudice); *Angrand v. Fox*, 552 So.2d 1113, 1115 (Fla. 3d DCA 1989) (holding that medical malpractice action filed prior to the expiration of the statutory ninety-day screening and investigation period should have been abated instead of dismissed with prejudice).

However, in other premature actions, the mere passage of time is not sufficient to cure the premature element of the action. An action may be premature because one of its essential elements is contingent upon the occurrence of an event that may or may not occur. *See Jost v. Lakeland Reg'l Med. Ctr., Inc.*, 844 So.2d 656 (Fla. 2d DCA 2003) (noting that a claim for spoliation of evidence would not ripen until the underlying medical malpractice case had been resolved); *Brocato v. Health Options, Inc.*, 811 So.2d 827 (Fla. 2d DCA 2002) (holding that claims for fraud and misrepresentation against one defendant would not ripen until the contractually based claims against other defendants failed). In such cases, where the mere passage of time will not cure the premature element of the claim, abatement is not an appropriate disposition, and a dismissal is required.

The case at bar falls squarely into the latter group of cases described in *Shuck*. The mere passage of time is not certain to cure the premature element of Moulton's claim, as the possibility exists that Moulton may prevail instead in its claim against Landmark. Thus, this Court finds it appropriate to dismiss the third party complaint without prejudice.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's motion to dismiss motion to dismiss the third party complaint (doc. 18) is **GRANTED.**

2. The third party complaint is hereby **DISMISSED** without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**ORDERED** on this 19th day of July, 2006.

> s/*L.A. Collier*
> Lacey A. Collier
> Senior United States District Judge