# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

LANDMARK AMERICAN INSURANCE
COMPANY

     VS                                             CASE NO.  3:05cv401/LAC/MD

MOULTON PROPERTIES, INC.

**REFERRAL AND ORDER**

Referred to Magistrate Judge Davis on    FEBRUARY 13, 2007
Type of Motion/Pleading: OMNIBUS MOTION FOR ADDITIONAL DISCOVERY RELATED RELIEF
Filed by:    DEFENDANTS    on   2/9/07    Document    160
( ) Stipulated/Consented/Joint Pleading
RESPONSES:
                                                 on                Doc.#
                                               on                Doc.#
                                          WILLIAM M. McCOOL, CLERK OF COURT

                                                s/L. James
                                               Deputy Clerk

**ORDER**

Upon consideration of the foregoing, it is ORDERED this 16th day of February, 2007, that:

(a)  The requested relief is DEFERRED.

(b)  All pending discovery issues will be addressed at the February 26 hearing.  Between now and the hearing, lead counsel (not through intermediaries) will meet and confer personally or by telephone (not by letter or fax) in a concerted and good faith effort to narrow the issues on all disputed discovery matters.  Then, no later than 2:00 p.m. on February 26 lead counsel, with a court reporter provided by the Moultons, will meet in the witness room outside courtroom 3 North at the U.S. Courthouse in Pensacola, Florida and memorialize, in detail, all agreements they have reached concerning the disputed discovery matters.

Entered On Docket:                    By:
Rules 58 & 79(a) FRCP or 32(d)(1) & 55 FRCRP
Copies sent to:
(c)  It is the practice of this court that the party prevailing overall, as determined by the court, will be awarded its

Document No.

      costs and expenses, including, but not limited to, (1) the time required to file its pleadings, meet and discuss resolution, and prepare for, travel to, and attend the hearing, and (2) the actual cost of court reporting, travel, sustenance and accommodations for all of the above.  The costs will be paid by non-prevailing attorney(s) and not charged to the client(s) unless counsel provides written proof that the client insisted on going forward with the hearing against counsel's advice.

(d)     Be aware that in my thirty-three years as a civil trial lawyer and judge I have seen it all and have heard it all.  I am well aware that abuse of the legal process most often occurs during discovery when there is no referee present.  You will hereafter consider me to be looking over your shoulder.  I will not consider half-baked arguments, lame excuses, delays caused by the client, mud slinging, passing the buck, pointing fingers or, particularly, lack of time.  If you are too busy to take care of your obligations you should reduce your caseload.  I do not favor either fishing expeditions or questions and requests unlimited in time or place.  Neither do I favor objections to discovery based on the usual boilerplate, or because you think I will buy your theory that a common English word is "vague" or "overbroad."  In short, before you tell me that I need to rule on your dispute, you must be sure you have exhausted every possibility of resolving it, and you are well advised to be sure you are right.


/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE