**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

LANDMARK AMERICAN INSURANCE
COMPANY,

    Plaintiff/Counter-Defendant,

ARCH INSURANCE GROUP,

    Intervenor/Plaintiff/Counter-Defendant,

v.                                           Case No. 3:05cv401/LAC

MOULTON PROPERTIES, INC.,
MOULTON BROTHERS, INC., and
THE MOULTON TRUST,,

    Defendant/Counter-Plaintiffs,
_____/

**O R D E R**

THIS CAUSE comes before the Court on a motion for entry of final judgment (doc. 332) filed by Counterclaim Defendant Peachtree Special Risk Insurance Brokers, LLC ("Peachtree"), against whom all claims have been dismissed with prejudice. Defendant/Counter-Plaintiffs Moulton Properties, Inc., et al., ("the Moultons") have responded in opposition (doc. 339), and Peachtree filed a reply (doc. 378).[1]

---

[1] Peachtree represents that it is authorized by Counterclaim Defendant RSUI Group, Inc. ("RSUI") that RSUI, which is similarly situated with Peachtree will likewise move for entry of final judgment as to all claims against it.

This action concerns properties owned by the Moultons for which they were denied insurance coverage based upon alleged misrepresentations regarding the state of repair of the properties at the time they purchased the policy. In their counterclaim against Peachtree, the Moultons assert that Peachtree was negligent in its providing underwriting information to the insurance companies. The Moultons further claim fraud in the inducement against Peachtree for arranging an insurance policy for them under which coverage would later be denied based upon the alleged misrepresentations, and thirdly they claim Peachtree participated in a civil conspiracy with the insurers based on their alleged collective decision to deny coverage. Upon motions filed by Peachtree and the other Counter-Defendants, these claims were dismissed under the economic loss rule or because Peachtree was found to have no identifiable duty of care over the Moultons. Since all that remained of the Moultons' counterclaim was a breach of contract count to which Peachtree was not a party, Peachtree was dismissed from the action.

Peachtree now seeks an entry of final judgment so that any appeals of the claims pressed against them may be resolved expeditiously. The Moultons argue that this course might well lead to piecemeal appellate litigation and the same appellate issues that Peachtree seeks to resolve again arising after this lawsuit is concluded against the remaining defendants.

The Court in its discretion may direct entry of final judgment as to less than all the claims or parties in a lawsuit if it finds no just cause for delay in entering the judgment. *See*

Fed.R.Civ.P. 54(b); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 6 (1980).  It is important for courts to consider whether in the interests of sound judicial administration entering final judgment would burden the appellate court multiple appeals.

This court finds that the danger of repeated appeal is minimal because the tort claims were resolved as a matter of law, and all that remains is the lone contract claim.  To the degree that the Moultons may be able to raise the tort claims for a second time on appeal against the remaining defendants, the outcome would more or less be a foregone conclusion since they are in much in the same legal posture as Peachtree and RSUI and the allegations against them are virtually the same.  Furthermore, the tort claims under question are distinct and clearly severable from the contract claim that remains to be litigated in this case.  Hence, it is safe to say that any threat of multiple appeals, from a judicial resources point of view, would not significantly drain judicial resources.

The Court takes notice of the fact that, in this otherwise protracted litigation, the case has been stayed pending a decision by the Florida Supreme Court in *Essex Ins. Co. v. Zota*, 466 F.3d 981 (11th Cir. 2006).  Thus, there might be significant delay for the parties to obtain ultimate resolution of the tort claims.

With these factors in mind, the Court finds that the interests of justice favor entry of final judgment.  The Moultons assert that the Court should limit its holding to the three counts representing the tort claims and state that the judgment would not preclude or bar any other claims the Moultons might bring against Peachtree.  The Court's holding will pass

judgment only as to those claims that are presently before it, and otherwise the Court makes no comment about the preclusive effect of this judgment or viability of any future claims. Such a decision should be made if and when subsequent claims are raised.

Accordingly, it is hereby **ORDERED**:

1. The motion for entry of final judgment (doc. 332) filed by Counterclaim Defendant Peachtree Special Risk Insurance Brokers, LLC, is **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Counterclaim Defendant Peachtree Special Risk Insurance Brokers, LLC as to Counts II, IV and V of the Counterclaim filed by Defendant/Counter-Plaintiffs Moulton Properties, Inc., et al.

**ORDERED** on this 13th day of November, 2007.

>                s/ *L.A. Collier*
>                Lacey A. Collier
>                Senior United States District Judge