IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LANDMARK AMERICAN INSURANCE
COMPANY,

    Plaintiff/Counter-Defendant,

ARCH SPECIALTY INSURANCE COMPANY,

    Intervenor/Plaintiff/Counter-Defendant,

v.                                                                             Case No. 3:05cv401/LAC

MOULTON PROPERTIES, INC.,
MOULTON BROTHERS, INC., and
THE MOULTON TRUST,,

    Defendant/Counter-Plaintiffs,
_____/

## **O R D E R**

THIS CAUSE is before the Court on a Motion to Reopen Case (doc. 507) and a Motion to Alter Judgment (doc. 508) filed by Defendant/Counter-Plaintiff Moulton Properties, Inc., et al., ("the Moultons"). Also before the Court are a Motion for Relief from Order and Summary Judgments (doc. 512) filed by Intervenor/Plaintiff/Counter-Defendant Arch Specialty Insurance Company ("Arch") and a Motion to Alter or Amend Judgment (doc. 513) filed jointly by Arch and by Plaintiff/Counter-Defendant Landmark American Insurance Company ("Landmark"). Responses have been filed to all the motions.

In their Motion to Alter Judgment, the Moultons seek modification of the Court's Summary Judgment ruling to reflect that the dismissal of their Third Amended Counterclaim for breach of contract was without prejudice. The Court's ruling on the counterclaim was based upon the conclusion that Landmark and Arch, having been denied in their request for a declaratory judgment that would have entitled them to rescind the insurance policies,[1] had not yet had the opportunity to properly administrate the Moultons' insurance claims. Thus, the Court ruled that the Moultons' counterclaim was not yet ripe. Obviously, should the Moultons conclude that Landmark and Arch's forthcoming administration of the claim amounts to a breach of contract or other actionable claim, they would be entitled to raise that claim.

In their Motion to Alter Judgment, Landmark and Arch similarly seek modification of the Court's ruling to state that the dismissal of their claim of rescission or fraud based upon misrepresentations allegedly made by the Moultons *after* the arrival of Hurricane Dennis and continuing through the litigation process was without prejudice. While the Court granted summary judgment against Landmark and Arch on their claims of rescission pertaining to the application and underwriting process for the Moultons' insurance policy, their post-Hurricane Dennis claims were found not to be properly before the Court because

---

[1] The Court realizes that at times it may have referred to a singular insurance policy contract in the summary judgement order. As the parties no doubt realize, this derives from the fact that the Arch policy incorporates the Landmark policy by reference in the relevant aspects of this litigation.

they were never pled. Because the Court did not address these claims on the merits, their dismissal is appropriately deemed without prejudice.

Neither of the above matters require that the Court amend the Judgment, however. The scope and limitations of the Judgments were made plain in the Court's Summary Judgment Order, and nothing in the language of the Judgments themselves forecloses either party from pursuing further litigation related to insurance policies. Nothing in the Order or either Judgment precludes the Moultons from pursuing a separate action based upon a breach of contract should it henceforth occur, and nothing precludes Landmark or Arch from pursuing litigation relevant to the Moultons' insurance claim so long as it is not based upon misrepresentation or fraud in the procurement of the policies.

Last, Arch's Motion for Relief from Order and Summary Judgments seeks an Order correcting the two Judgments to reflect that Arch Specialty Insurance Company is the real party in interest, not Arch Insurance Group as stated in the Judgments and the Order. On Arch's motion, Arch Specialty Insurance Company was substituted for Arch Insurance Group as the real party in interest by Court Order dated August 16, 2007 (doc. 335).[2] The Judgments should therefore be amended accordingly.

---

[2] The Order stated: "The Motion to Substitute Party (doc. 266) filed by Intervenor/Plaintiff/Counter-Defendant, Arch Insurance Group is GRANTED to the extent that the Clerk shall substitute ARCH SPECIALTY INSURANCE COMPANY as the real party in interest for ARCH INSURANCE GROUP. The Court expresses no opinion as to whether this substitution acts as a bar to any future claims that Defendant/Counter-Plaintiff Moulton Properties, Inc., et al., may bring against ARCH INSURANCE GROUP."

Accordingly, **IT IS HEREBY ORDERED**:

1. The Motion to Alter Judgment (doc. 508) filed by Defendant/Counter-Plaintiff Moulton Properties, Inc., et al., is **GRANTED** only to the extent that the Court hereby clarifies that dismissal of their claim of breach of contract was without prejudice, as specified herein and in the Court's Summary Judgment Order of September 22, 2009.

2. The Motion to Alter or Amend Judgment (doc. 513) filed jointly by Intervenor/Plaintiff/Counter-Defendant Arch Specialty Insurance Company and Plaintiff/Counter-Defendant Landmark American Insurance Company ("Landmark") is **GRANTED** only to the extent that the Court hereby clarifies that dismissal of their claim of rescission based upon the application and underwriting process for the Moultons' insurance policies was with prejudice, and dismissal of their claim of misrepresentation occurring after the Hurricane Dennis claim was without prejudice, as specified herein and in the Court's Summary Judgment Order of September 22, 2009.

3. The Motion for Relief from Order and Summary Judgments (doc. 512) filed by Intervenor/Plaintiff/Counter-Defendant Arch Specialty Insurance Company is **GRANTED**. Pursuant to Fed.R.Civ.P. 60(a), the Clerk of Court is directed to amend both Judgments entered on September 23, 2009, to reflect the substitution of party name from "ARCH INSURANCE GROUP" to "ARCH SPECIALTY INSURANCE COMPANY."

4. The Motion to Reopen Case (doc. 507) filed by Defendant/Counter-Plaintiff Moulton Properties, Inc., et al., is **DENIED** as moot. This case shall remain closed, and the Court will address the matter of attorney fees and costs in due course.

**ORDERED** on this 24th day of November, 2009.

                                                s/ *L.A. Collier*
                                                Lacey A. Collier
                                      Senior United States District Judge